IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01626-PAB-NRN

MCKENZIE REES,

      Plaintiff,

v.

CITY OF EDGEWATER,
JOHN MACKEY, Chief, in his individual capacity,
MARK HAMILTON, Commander, in his individual capacity,
JASON FORSYTHE, Sergeant, in his individual capacity,
BRANDON CHALLIS, Sergeant, in his individual capacity, and
DAN MAPLES, City Manager, in his individual capacity,

      Defendants.

---

## MINUTE ORDER

---

**Entered by Chief Judge Philip A. Brimmer**

      The matters before the Court are the Unopposed Motion for Dismissal of Individual Defendants Mackey, Hamilton, Forsythe, Callis, and Maples [Docket No. 58] and the Stipulation for Voluntary Dismissal of the City of Edgewater [Docket No. 59]. On May 29, 2024, plaintiff McKinzie Rees filed the motion to dismiss all claims against defendants John Mackey, Mark Hamilton, Jason Forsythe, Brandon Challis, and Dan Maples ("the individual defendants") "pursuant to Fed. R. Civ. P. 41." Docket No. 58 at 1. On May 31, 2024, Mr. Rees and the City of Edgewater filed a stipulated dismissal of all claims against the City of Edgewater. Docket No. 59 at 1. Mr. Rees appears to be attempting to dismiss this case in a two-step process. First, he appears to intend to dismiss all the defendants who are not the City of Edgewater through the unopposed motion to dismiss the individual defendants. Docket No. 58. He next appears to intend to dismiss the entire action through the stipulation signed by the City of Edgewater. Docket No. 59.

      Rule 41(a)(1)(A)(ii) allows a plaintiff to dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "Although Rule 41(a)(1)(A) refers to dismissal of the 'action,' the rule permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed." *Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.,* 2022

WL 881575, at *2 n.4 (10th Cir. Mar. 25, 2022) (unpublished) (citing *Piperliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1199 (10th Cir. 1974) (recognizing that plaintiffs could voluntarily dismiss all of their claims against defendants by stipulation under Rule 41(a), leaving the district court with jurisdiction only over counterclaim), and 8 Moore's Federal Practice ¶ 41.21[3][a] (2021) ("A voluntary dismissal may be taken against fewer than all defendants, as long as all claims are dismissed as against each one affected.  The term *action* has not been construed so broadly as to encompass the entire controversy against all parties pending before the district court, but includes only the entirety of claims against any single defendant.")).  Turning to the motion to dismiss the individual defendants, although Mr. Rees represents that he "has conferred with counsel for the individual Defendants who have no opposition to this motion," Docket No. 58 at 1, the motion is not signed by the individual defendants.  *Id.* at 2.  Moreover, the motion is not signed by the City of Edgewater.  *Id.*  As such, the Court finds that Rule 41(a)(1)(A)(ii) is inapplicable to the motion to dismiss the individual defendants.  However, as discussed below, Rule 41(a)(1)(A)(ii) does apply to the stipulated dismissal of the City of Edgewater, as it has been signed by counsel for all the parties who have appeared in this case.  Docket No. 59 at 2.

Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (citing *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005)).  "[P]rejudice is a function of  . . . practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."  *Id.* (citation omitted).  In determining what curative conditions to impose, "the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff" and *"*should impose only those conditions which actually will alleviate harm to the defendant."  *Id.*

Courts have split over whether Rule 41(a)(2) permits a party to seek an order of the court dismissing fewer than all of its claims.  *Compare Serendipity at Sea, LLC v. Underwriters at Lloyd's of London Subscribing To Pol'y No. 187581*, 56 F.4th 1280, 1284 (11th Cir. 2023), *and Young v. Wilky Carrier Corp.*, 150 F.2d 764, 764 (3d Cir. 1945) (permitting the plaintiff to dismiss all of its claims against less than all of the defendants), *with Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023) ("a Rule 41(a)(2) dismissal can only be for an entire action, and not an individual claim"); *see*

*also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (4th ed. 2024) (collecting cases).

Under the circumstances presented here, the Court finds that Mr. Rees's motion to dismiss the individual defendants may be granted pursuant to Rule 41(a)(2). *Gov't Emps. Ins. Co. v. Shea*, 2023 WL 2530865, at *2 (S.D. Ala. Mar. 15, 2023) ("the Court finds [the plaintiff] may still dismiss all claims against [ ]less than all defendants in a multi-defendant action under Fed. R. Civ. P. 41(a)(2) when requested by a plaintiff so long as it is the entirety of the action against those defendants" (citing *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415 n.3 (5th Cir. 2018)).  First, the motion seeks to dismiss all claims against the individual defendants.  Docket No. 58 at 1.  Second, the Court perceives no prejudice to any party in granting Mr. Rees's motion.  Mr. Rees's motion is titled an unopposed motion, and he states that he "has conferred with counsel for the individual Defendants who have no opposition to this motion."  *Id.*  Moreover, the deadline for responding to the motion to dismiss has passed, and neither the individual defendants nor the City of Edgewater have responded to the motion, further indicating that the motion is unopposed.

Additionally, the Court finds that the interest of all the parties would be served by granting the motion to dismiss.  If the Court were to grant the motion to dismiss, the City of Edgewater would be the sole remaining defendant.  However, this would not prejudice the City of Edgewater because Mr. Rees and the City of Edgewater have entered into a stipulated dismissal of all claims against the City.  The stipulation is signed by counsel for the City of Edgewater, Marni Kloster, who is also counsel of record for the individual defendants.  As such, the Court deems the stipulation as an effective means of dismissing all claims against the City of Edgewater.  Thus, granting Mr. Rees's motion to dismiss the individual defendants concurrently with deeming the stipulation an effective means of dismissing the City of Edgewater would have the effect of terminating this case.  Because the Court perceives no prejudice to any party by granting Mr. Rees's motion, and in light of the efficiency to both the parties and the Court in so doing, the Court will grant Mr. Rees's motion to dismiss the individual defendants under Rule 41(a)(2).  The Court further finds that it is unnecessary to impose any curative conditions in granting the motion to dismiss.

Accordingly, it is

**ORDERED** that the Unopposed Motion for Dismissal of Individual Defendants Mackey, Hamilton, Forsythe, Callis, and Maples [Docket No. 58] is **GRANTED**.  It is further

**ORDERED** that the Stipulation for Voluntary Dismissal of the City of Edgewater [Docket No. 59] is deemed effective as a means of dismissing all claims against the City of Edgewater.  It is further

**ORDERED** that this case is closed.

DATED July 16, 2024.